IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kenny Hill | : | Civil Action No. #05-CV-160 |
| Plaintiff, | : | |
| v. | : | |
| JOHN J. LAMANNA et. al., | : | JUDGE McLAUGHLIN |
| Defendants | : | MAGISTRATE JUDGE BAXTER |

PLAINTIFF'S AFFIDAVIT IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR
IN THE ALTERNATIVE, FOR SUMMARY JUDGEMENT

A.   Plaintiff's Eighth Amendment Violation is Established

Everything that the Plaintiff has been diagnosed with by medical services (Attach. B), can be caused by the overexposure to the materials in his complaint. Wood dust/fiber: may cause nasal dryness, irritation and obstruction, irritate skin, dermatitis, irritate respiratory system. Nasal cancer is a future risk (See Attach. C, pg. 1 under Health Hazard Data and pg. 2). Effects of overexposure when micore boards are trimmed or cut, ..., the dust may cause irritation to skin, eyes, respiratory tract, nose and coughing. A future risk is cancer (See Attach. D pg. 2). Lock-weld may cause respiratory, eye, skin irritation, dermatitis, narcosiss, etc. (see Attach. E)

The Defendants knew or should have known of the hazards of instructing and allowing the blowing of these micore and particle board dust around without respiratory protection and the dangers of Lockweld from the Material Safety Data Sheets for those products

-1-

(See Attachs. C, D, And E). The Unicor forman instructed Kevin Seigers to (cut one sheet of micore board at a time when OSHA comes to the factory) Attachment A page 1. The Defendants knew that was not the normal amount cut at one time (see Attach. A pg. 1 and pg. 14). Seigers was also told to use a shop-vac instead of the air hose so that dust would not be in the air when safety came into the factory which was not normal procedures (See Attach. A pg. 2 and pages 3-14 of A).

Defendants knew of these dangerous conditions but still provided Plaintiff with masks which were not suitable for use against toxic or hazardous air contaminents such as silica, toxic fumes, toxic dust, etc. (See Attach. F). The MSDS for micore available in UNICOR until 4/23/04 was altered by defendants. The word respirator was marked out and the word mask was written in (See Attach. G), in order to falsely indicate to UNICOR workers that dust masks provided sufficient protection against inhalation of the airborne silica dust and other dangerous byproducts that were present in the UNICOR facility.

Defendants actions inactions were all part of an overall pattern of deliberate indifference by Defendants to the safety and health of Plaintiff and other workers at the UNICOR facility, which pattern included, among other things (1) allowing the accumulation of flammable vapers in the work area; (2) failure to provide appropriate instructions and training regarding chemicals

in use at the workplace; (3) allowing obstruction of proper airflow and air filtration within certain work areas; (4) permitting installation of combustible materials within the spray booth of the UNICOR facility; (5) failing to include appropriate sprinkler equipment in certain areas of the facility; (6) allowing improper storage and obstructions around paint booth of the facility; (7) allowing combustible residue from manufacturing to accumulate in work areas; (8) failing to provide and/or require use of protective equipment where reasonably necessary for the protection and safety of workers; (9) failure to observe required "lock-out/tag-out" procedures for the protection and safety of workers; (10) allowing storage of materials in a manner and location that created and unreasonable risk of fire or combustion within the facility; (11) requiring operation of machines and other equipment within the facility that lacked proper guarding or other safety devices reasonably necessary for the protection and safety of workers; (12) allowing the existence of conditions that unreasonably exposed workers to cave-in hazards while conducting work operations; (13) failure to install or place guarding necessary to protect workers from the hazard of impalement; (14) failure to install railings necessary to protect workers from fall hazards; (15) failure to provide instruction and training regarding the proper use of respirators in the workplace. All in violation of C.F.R. 29. (See Attach. F of Defendants' Motion to Dissmiss Plaintiff's Complaint "OSHA Report").

The conditions in FCI McKean UNICOR were dangerous, intolerable or shockingly substandard, the ventilation was inadequate and the dustcollection system was not properly maintained (See Attachs. A and H). Attachment H is the dust bag sheet for the dust collection system in UNICOR obtained through FOIA. It is initialed by UNICOR forman, Mike Salerno and shows that from 5/2000 - 2/2003 the bags for this system were never changed. These bags are to be disposed of properly not shock down into the air. The defendants did not act consistently with the MSDS and product warnings.

B.    Plaintiff's Fifth Amendment Substantive Due Process Claim is Not Foreclosed by The Eighth Amendment

The right to be maintiained in safe conditions constitutes historic liberty interest protected substantively by the Due Process clause and is not extinguished by lawful confinement. The substantive due process claim raised by Plaintiff is not a protected governmental behavior.

C.    Plaintiff's reason for requesting a respirator was because of the dusty, poorly ventilated environment in UNICOR (Attachs. A). Defendants never directed Plaintiff to the Safety Office. His request was denied then and through the administrative remedies (Attach. I) and he was still required to continue working in those conditions. In Defendant Housler's Declaration (Attch. J), he says that he keeps a supply of NOISH approved respirators in his office but Plaintiff was denied one. By using the Defendant's Declaration, the Plaintiff is not agreeing with its entirety.

D.  <u>Defendant Lamanna Should not be Dismissed From This Actio</u>

The constitutional violations were known to Defendant Lamanna and he aquiesced. He signed administrative remedies and never addressed these issues. He set up various meetings with Plaintiff and staff (see Attach. I).

E.  <u>Defendants are not Entitled To Qualified Immunity</u>

Plaintiff has sufficiently alleged that his constitutional rights have been violated. Prison officals are required to provide humane conditions of confinement, and must take reasonable measures to guarantee safety of inmates. Plaintiff sustained personal injuries, many of which are believed to be permanent nature. Defendants placed Plaintiff's future health in risk and a reasonable government officer would be on notice that the conduct was unlawful. Case law on substantive due process is well established.

Sworn to before me

This 13th day of March, 2006

_____
Notary Public

My commission expires _____
MY COMMISSION EXPIRES
29 FEBRUARY 2008

_____ 3-13-06
Kenny Hill
FCC Petersburg, Low
P.O. Box 1000
Petersburg, VA 23804

-5-

CERTIFICATE OF SERVICE

I, Kenny Hill, hereby affirm and declare under the penalty of perjury, 28 U.S.C. §1746, that the foregoing document bearing sufficient postage was deposited into FCC Petersburg's internal mail system on **28** day of **March**, 2006 and mailed to the following:

Albert schollaert, AUSA
U.S. Post Office and Courthouse
700 Grant Street
Suite 400
Pttsburg, Pennsylvania 15219


and

Clerk of Courts
U.S. District Court
P.O. Box 1820
Erie, Pennsylvania

Kenny Hill
FCC Petersburg
P.O. Box 1000
Petersburg, VA 23804