**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

KENNY HILL,

          PLAINTIFF

                                 Civil Action No. 05-160E

v.                                    Judge McLaughlin
                                    Magistrate Judge Baxter

JOHN LAMANNA, ET AL.,

                DEFENDANTS

**DEFENDANTS' ANSWER**

AND NOW, come the Defendants, John LaManna, Marty Sapko, Deborah Forsyth, and Stephen Housler (hereinafter collectively referred to as "Defendants"), by and through their attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, Michael Colville, Assistant United States Attorney for said district, and Douglas S. Goldring, Assistant General Counsel for Federal Prison Industries, Inc, and Answer the Plaintiff's Second Amended Complaint as follows:

**PARTIES**

1.     ADMITTED.

2.     ADMITTED that Defendant John J. LaManna was, at all times relevant to this action, the

          Chief Executive Officer (Warden) for FCI McKean. It is DENIED that he is still

          employed in that capacity.

3.     ADMITTED that Defendant Deborah Forsyth was, at all times relevant to this action, the

          Superintendent of Industries for the UNICOR facility located in FCI McKean. It is

DENIED that she is still employed in that capacity.

4.    ADMITTED that Defendant Stephen Housler is the Safety Manager at FCI McKean, and

that he acted in as an agent of the Federal Bureau of Prisons and the United States of

America.  Otherwise, DENIED

5.    ADMITTED.

## JURISDICTION

6.    The averments in this paragraph state legal conclusions to which no response is required.

To the extent a response is required, however, the averments in this paragraph are

DENIED.

## ADMINISTRATIVE REMEDIES

7.    The averments in this paragraph state legal conclusions to which no response is required.

To the extent a response is required, however, the averments in this paragraph are

DENIED.

## FACTS

8.    ADMITTED.

9.    ADMITTED.

10.    ADMITTED that Plaintiff worked in the UNICOR factory at FCI McKean which, at that

time, engaged in various aspects of the manufacture of furniture products.  Otherwise,

DENIED.

11.    Upon reasonable investigation, Defendants are without information sufficient to either

admit or deny the averments in this paragraph.

12.    Upon reasonable investigation, Defendants are without information sufficient to either

admit or deny the averments in this paragraph.

13.    The averments in this paragraph state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

14.    The averments in this paragraph state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

15.    Denied.

16.    ADMITTED that some inmates used brooms to clean the machinery.  Otherwise, DENIED.

17.    DENIED.

18.    DENIED.

19.    DENIED.

20.    DENIED.

21.    ADMITTED that respirators were available.  DENIED that defendants refused to provide them to Plaintiff, or other workers.

22.    DENIED.

23.    DENIED.

24.    The averments in this paragraph state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

25.    DENIED.

26.     The averments in this paragraph state legal conclusions to which no response is required.
        To the extent a response is required, however, the averments in this paragraph are
        DENIED.

27.     The averments in this paragraph state legal conclusions to which no response is required.
        To the extent a response is required, however, the averments in this paragraph are
        DENIED.

## <u>COUNT I</u>

28.     Defendants incorporate by reference their answers to paragraphs 1-27.

29.     ADMITTED.

30.     ADMITTED.

31.     DENIED.

32.     The averments in this paragraph state legal conclusions to which no response is required.
        To the extent a response is required, however, the averments in this paragraph are
        DENIED.

33.     The averments in this paragraph state legal conclusions to which no response is required.
        To the extent a response is required, however, the averments in this paragraph are
        DENIED.

34.     The averments in this paragraph state legal conclusions to which no response is required.
        To the extent a response is required, however, the averments in this paragraph are
        DENIED.

35.     The averments in this paragraph state legal conclusions to which no response is required.
        To the extent a response is required, however, the averments in this paragraph are

DENIED.

## FIRST AFFIRMATIVE DEFENSE

Defendants are entitled to Qualified Immunity.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has not satisfied the exhaustion requirement of the Prison Litigation Reform Act,

42 U.S.C. § 1997e(a).

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has not stated a claim of any Constitutional violation for which relief can be

granted pursuant to Federal Rule of Civil Procedure 12(b).

## FOURTH AFFIRMATIVE DEFENSE

To the extent any of the Defendants are named in their official capacities, they are entitled

to sovereign immunity.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to satisfy the physical injury requirement of the Prison Litigation Reform

Act, 42 U.S.C. § 1997e.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant LaManna is entitled to be dismissed from this action based upon their lack of

personal involvement and the doctrine of *respondeat superior*.

WHEREFORE, Defendants pray this Court dismiss Plaintiff's Complaint with prejudice.

Respectfully Submitted,

MARY BETH BUCHANAN
United States Attorney


 /s/ Michael C. Colville
MICHAEL C. COLVILLE
Assistant United States Attorney
Western District of Pennsylvania
U.S. Post Office and Courthouse
700 Grant Street, Suite 400
Pittsburgh, PA 15219

OF COUNSEL:

Douglas S. Goldring
Assistant General Counsel
Federal Prison Industries (UNICOR)
400 First Street, NW, 8th Floor
Washington, DC 20534

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 2nd day of February, 2007, I have served a copy of the within

DEFENDANTS' ANSWER by either electronic filing and/or first-class mail, upon the following:


Richard A. Lanzillo, Esquire
Knox McLaughlin Gornall & Sennett, P.C.
120 West Tenth Street
Erie, PA 16501-1461


/s/ Michael C. Colville
MICHAEL C. COLVILLE
Assistant U.S. Attorney