## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL W. HILL, | ) | Docket No. 03-323E |
| | ) | (Judge Susan Paradise Baxter) |
| Plaintiff, | ) | |
| | ) | ELECTRONICALLY FILED PLEADING |
| vs. | ) | |
| | ) | PLAINTIFFS' PRETRIAL STATEMENT |
| UNITED STATES OF AMERICA, | ) | |
| JOHN J. LAMANNA, | ) | Filed on behalf of: Plaintiffs |
| WILLIAM K. COLLINS, | ) | |
| MARTY SAPKO, | ) | Counsel of record for this party: |
| STEPHEN HOUSLER, | ) | Richard A. Lanzillo, Esq. |
| ROBERT KLARK, | ) | Knox McLaughlin Gornall |
| ROBERT REOME, | ) | & Sennett, P.C. |
| BETH FANTASKEY, and | ) | 120 West 10th Street |
| DEBORAH FORSYTH, | ) | Erie, PA 16501 |
| | ) | Telephone (814) 459-2800 |
| Defendants | ) | Facsimile (814) 453-4530 |
| | ) | Email rlanzillo@kmgslaw.com |
| | ) | PA53811 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - -  -  - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| LESLIE R. KELLY, | ) | Civil Action No. 03-368E |
| | ) | |
| Plaintiff, | ) | Judge McLaughlin |
| | ) | Magistrate Judge Baxter |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| JOHN J. LAMANNA, MARTY SAPKO, | ) | |
| DEBORAH FORSYTH, and STEPHEN | ) | |
| HOUSLER | ) | |
| | ) | |
| Defendants | ) | |

| | |
|---|---|
| KEVIN SIGGERS, | ) Civil Action No. 03-355 E |
| | ) |
| Plaintiff, | ) Judge McLaughlin |
| | ) Magistrate Judge Baxter |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, JOHN LAMANNA, DEBORAH FORSYTH, MARTY SAPKO, and STEPHEN HOUSLER, | ) ) ) ) |
| | ) |
| Defendants | ) |

------------------------------------------------------------

| | |
|---|---|
| MYRON WARD, | ) Docket No. 04-11 |
| | ) |
| Plaintiff, | ) Judge McLaughlin |
| | ) Magistrate Judge Baxter |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, JOHN LAMANNA, DEBORAH FORSYTH, MARTY SAPKO, STEPHEN HOUSLER, and NED WATSON, | ) ) ) ) ) |
| | ) |
| Defendants | |

------------------------------------------------------------

| | |
|---|---|
| KENNY HILL, | ) Docket No. 05-160E |
| | ) |
| Plaintiff, | ) Judge McLaughlin |
| | ) Magistrate Judge Baxter |
| vs. | ) |
| | ) |
| JOHN J. LAMANNA, DEBORAH FORSYTH, MARTY SAPKO, and STEPHEN HOUSLER | ) ) ) |
| | ) |
| Defendants | ) |

2

**PLAINTIFFS' PRETRIAL STATEMENT**

I.  **MATERIAL FACTS**

Plaintiffs, Kenny Hill, Michael Hill, Leslie Kelly, Kevin Siggers, and Myron Ward, commenced this action against Defendants asserting claims arising out of hazardous working conditions to which they were exposed during their incarceration at the Federal Correctional Institution in McKean, Pennsylvania ("FCI McKean").  Between 2000 and 2003, plaintiffs were assigned to the Federal Prison Industries, Inc. ("FCI", or trade name "UNICOR") factory at FCI McKean.  FPI is a wholly-owned government corporation, created by Congress in 1934.  FPI operates factories in several locations across the country and manufactures a variety of products, including office furniture made from wood and particleboard-type products.

Until approximately January, 2006, the UNICOR factory at FCI McKean manufactured office furniture made from wood and particleboard-type products.  While this case was pending, but before discovery had opened, and without notice to Plaintiffs, Defendants discontinued manufacturing furniture and related products at the facility and dismantled the facility as a furniture manufacturing facility.  As of January, 2006, the facility was converted to a plastics manufacturing plant.

Throughout their employment at UNICOR, each Plaintiff was instructed to work in and around areas where Micore mineral fiber boards were being cut, sawed, sanded, machined and otherwise handled by the Plaintiffs and others.  These processes produced silica dust as a byproduct.  Defendants instructed Plaintiff and other inmates to clean and clear dust from the floor and machines within the facility both by sweeping the dust with brooms and by mechanically blowing the dust with air hoses.  These processes caused the dust to become

airborne and ultimately to settle on the Plaintiffs' persons and clothing. At the time of each plaintiff's assignment to the UNICOR facility, the Defendants knew or were on notice that the materials and processes in use at the facility exposed plaintiffs to serious risks and hazards, including exposure to silica dust from the processing of Micore boards. The Defendants were specifically on notice of such hazards by their personal observation of operations at the facility and by means of the Material Safety Data (MSDS) sheets for Micore Board that were provided to Defendants. Defendant Housler acknowledged that, although the MSDS for Micore Board was available to him, he did not read it until OSHA became involved.

Defendants do not dispute that silica dust is a known carcinogen and a cause of serious respiratory ailments and conditions and other health problems. The ventilation system at FCI McKean's UNICOR facility did not prevent silica dust in significant amounts to become airborne. Although management employees at the UNICOR facility were periodically present on the manufacturing floor long enough to observe the conditions under which plaintiffs worked, they did not remain for a period of time sufficient to expose themselves to health risks. Plaintiffs, on the other hand, worked in the facility for seven to eight hour shifts during which they inhaled the silica dust and had their skin directly exposed to the dust.

The only protection available to Plaintiffs was a disposable "Do it Best" or "Breathe Easy" dust mask. The Plaintiffs were not required to wear such masks and were provided with no training or instruction regarding the use of the masks. Moreover, the masks were accompanied by the following warning:

> This mask is not suitable for use against toxic or hazardous air contaminants, such as, but not limited to paint spray mists, asbestos, **silica**, cotton or other toxic dusts, fumes, gases and vapors.

In the August 20, 2003 letter from OSHA to defendant, Stephen Housler, the Safety Manager at UNICOR, FCI McKean, defendants were specifically instructed that the workers at the facility "should be provided long sleeved work coveralls that can be closed at the neck and wrist to minimize skin contact," that "[t]hese coveralls should be left in the UNICOR Factory before personnel return to their living quarters and laundered separately from other clothing," that "personnel should be equipped with tight fitting goggles to prevent eye irritation," and that "[c]aps should also be provided to keep the dust out of the worker's hair." Defendants, including defendant Housler, ignored these instructions.

While Defendants point to the results of air sampling tests conducted by OSHA that indicate that the air quality was acceptable on June 17 and 18, 2003, there is no evidence or reason to believe that the conditions that existed on that date were representative of the working conditions to which Plaintiffs were exposed during their employment at UNICOR. Indeed, the evidence would support a finding that production levels on the dates preceding the OSHA inspection and Microbac testing were substantially less than typical production levels, which necessarily would have skewed the test and inspection results. Production records obtained by Plaintiffs through discovery document that, from April 15, 2003 through the end of June, 2003, no more than 136 tack boards were processed at the UNICOR facility. OSHA conducted air sampling on June 17 and 18, 2003. In contrast, 849 tack boards were processed in October 2003 alone.

While this case was pending, but before discovery had opened, and without notice to Plaintiffs, Defendants discontinued and dismantled the facility as a furniture manufacturing facility. As of January, 2006, the facility was converted to a plastics manufacturing plant.

3

The Defendants also disregarded the warnings and instructions set forth on the MSDS sheets for Micore Board and Loc-Weld. For example, prior to OSHA's involvement, defendant Housler never even reviewed the MSDS for Micore board even though this product was regularly and routinely cut and processed in the UNICOR facility. In addition, the record contains evidence that the MSDS for Micore board, which was maintained by the Defendants, was altered by hand, such that, under the section devoted to personal protection, the word "respirator" was marked out and replaced with the word "mask" or "dust" in order to falsely indicate to UNICOR workers that dust masks provided sufficient protection against inhalation of the airborne silica dust and other dangerous manufacturing byproducts that were present at in the UNICOR facility.

Additionally, Plaintiffs worked in and around areas where the adhesive commonly known has Locweld 860/861 was being used. Defendants were also on notice that the use of Locweld 860/861, a contact adhesive, in the UNICOR facility exposed plaintiffs and other workers to serious risks and hazards including the risk of fire and health risks associated with the presence of fumes from Locweld 860/861.

Defendants' actions and omissions relative to the dangers and hazards associated with Micore board and Locweld 860/861 were part of an overall pattern of deliberate indifference by defendants to the safety and health of workers at the UNICOR facility. This pattern was documented in an OSHA report dated August 20, 2003 and included *inter alia*: (1) allowing the accumulation of flammable vapors in the work area in violation of 29 C.F.R. §1910.106(e)(6)(i); (2) failure to provide appropriate instructions and training regarding chemicals in use at the workplace in violation of 29 C.F.R. §1910.1200(h)(2)(ii) and 29 C.F.R. §1910.1200(h); (3) allowing obstruction of proper airflow and air filtration within certain work areas in violation

29 C.F.R. §1910.107(b)(1); (4) permitting installation of combustible materials within the spray booth of the UNICOR facility in violation of 29 C.F.R. §1910.107(b)(1); (5) failing to include appropriate sprinkler equipment in certain areas of the facility in violation of 29 C.F.R. §1910.107(b)(5)(iv); (6) allowing improper storage and obstructions around the paint booth of the facility in violation of 29 C.F.R. §1910.107(b)(9); (7) allowing combustible residue from manufacturing to accumulate in work areas in violation of 29 C.F.R. §1910.107(g)(2); (8) failing to provide and/or require use of protective equipment where reasonably necessary for the protection and safety of workers in violation of 29 C.F.R. §1910.132(a); (9) failure to observe required "lock-out/tag-out" procedures for the protection and safety of workers in violation of 29 C.F.R. §1910.147(d)(4)(i); (10) allowing storage of materials in a manner and location that created an unreasonable risk of fire or combustion within the facility in violation of 29 C.F.R. §1910.176(b), 29 C.F.R. §1910.252(a)(2)(vii), and 29 C.F.R. §1910.303 (g)(1)(i); (11) requiring operation of machines and other equipment within the facility that lacked proper guarding or other safety devises reasonably necessary for the protection and safety of workers in violation of 29 C.F.R. §1910.212(a)(1), 29 C.F.R. §1910.212(a)(3)(ii), 29 C.F.R. §1910.213(r)(4), and 29 C.F.R. §1910.119(c)(2)(i); (12) allowing the existence of conditions that unreasonably exposed workers to cave-in hazards while conducting work operations in violation of 29 C.F.R. §1926.651(j)(2); (13) failure to install or place guarding necessary to protect workers from the hazard of impalement in violation of 29 C.F.R. §1926.701(b); (14) failure to install railings necessary to protect workers from fall hazards in violation of 29 C.F.R. §1910.23(c)(1); and (15) failure to provide instruction and training regarding the proper use of respirators in the workplace in violation of 29 C.F.R. §1910.134(k)(6).

    During their employment at the UNICOR facility, Plaintiffs were repeatedly and

consistently exposed to silica dust, vitreous fiber, perlite, slag wool, mineral wool, acetone, Toluene, Hexane isomers, N-hexane and other dangerous materials through inhalation and direct contact with Plaintiffs' skin, lungs, sinuses and eyes.  As a result of the dangerous conditions that were permitted to exist at the UNICOR facility, Plaintiffs sustained personal injuries, including chronic respiratory problems, sinusitis, irritation and damage to their lungs, sinuses, eyes and skin and sensitization to materials.  In addition, Plaintiffs have been placed at an increased risk of developing future diseases and health problems, including, but not limited to, cancer, Silicosis, Pneumoconiosis, emphysema, and asthma, mycobacterium tuberculosis.

## II.     WITNESSES

1. Michael Hill
2. Kenny Hill
3. Leslie Kelly
4. Kevin Siggers
5. Myron Ward
6. Robin Bevivino
7. Stephen Housler (as on cross-examination)
8. Deborah Forsyth (as on cross-examination)
9. John J. LaManna (as on cross-examination)
10. Martin Sapko (as on cross-examination)
11. David English (as on cross-examination)
12. David R. Williams, Certified Industrial Hygienist (Report Attached)
13. Representative(s) of OSHA
14. Representative(s) of Microbac Laboratories

    15.    Custodians of records as necessary

    16.    Tina Petruzzi (Medical Records Clerk FCI McKean)

    17.    Denise Tanner (Medical Records Clerk FCI McKean)

Plaintiffs reserve the right to supplement this witness list prior to trial in accordance with applicable Court rules and guidelines and to call any witness listed in the Pretrial Statement of Defendants.

## III. EXHIBITS

1. Medical records of Michael Hill
2. Medical records of Kenny Hill
3. Medical records of Myron Ward
4. Medical records of Kevin Siggers
5. Medical records of Leslie Kelly
6. Material Safety Data Sheets for Micore boards
7. Material Safety Data Sheets for Locweld 860/861
8. UNICOR Production Records
9. UNICOR Health & Safety guidelines and related documents
10. Any and all records and documents furnished by defendants in response to discovery inquiries and requests
11. Exhibits submitted in support of and opposition to Defendants' Motions for Summary Judgment or, alternatively, to Dismiss

Plaintiffs reserve the right to supplement this exhibit list prior to trial in accordance with applicable Court rules and guidelines and to offer or use any exhibit listed in the Pretrial Statement of Defendants.

Respectfully submitted,

KNOX McLAUGHLIN GORNALL & SENNETT, P.C.

BY: /s/ Richard A. Lanzillo, Esq.
    Richard A. Lanzillo, Esquire
    PA53811
    Neal R. Devlin
    PA89223
    Bryan G. Baumann
    PA95046
    120 West Tenth Street
    Erie, PA  16501
    Telephone (814) 459-2800
    Facsimile (814) 453-4530
    Email rlanzillo@kmgslaw.com

# 715334